**Samuel M. DARDEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8984.**

District of Columbia Court of Appeals.

Submitted June 10, 1975.

Decided July 3, 1975.

10. The action by appellant to enforce the agreement between the parties was filed in the Superior Court in October 1972.

tion of D.C.Code 1973, § 22–502) and one count of possession of a prohibited weapon (a violation of D.C.Code 1973, § 22–3214 (b)). He was convicted by a jury of the first count of assault. We affirm. On this appeal appellant assigns as error two procedural aspects of the trial.

I

First of all, appellant challenges the trial court's admission of certain testimony elicited on cross-examination of one of appellant's character witnesses. Specifically he attacks the propriety of an inquiry on cross-examination regarding the witness' knowledge of appellant's prior conviction for false pretenses. After the prosecution had rested its case and after appellant had testified, the defense called three character witnesses. The first, an acting deputy chief of the District of Columbia Fire Department, appellant's employer, testified that appellant had a good reputation "with respect to keeping the peace in good order." [1] On cross-examination, the prosecutor asked him if he had heard that appellant had been convicted of the offense of false pretenses. Counsel for appellant objected on the ground that the question put during cross-examination went to a different trait of character than that described on direct. After an extended discussion, the trial court concluded that the phrase "keeping the peace and good order" would not necessarily refer only to the character trait of being nonviolent or nonargumentative but could well imply a reputation for being law-abiding. Accordingly, the court allowed the question and appellant raises this as error.

Eugene A. Chase, Washington, D. C., was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, Craig M. Bradley and Hamilton P. Fox, III, Asst. U. S. Attys., were on the brief for appellee.

Before REILLY, Chief Judge, and KERN and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was charged with one count of assault with a dangerous weapon (a viola-

■ The principles governing the use of character evidence in criminal trials are well settled. The accused may elect to advance one or more of his character traits

---

1. Though the question asked appears in the trial transcript as "peace *in* good order" [emphasis supplied], the court and both counsel subsequently always referred to it as "peace *and* good order."

as evidence of his innocence. *Michelson v. United States,* 335 U.S. 469, 476, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Lewis,* 157 U.S.App.D.C. 43, 48, 482 F.2d 632, 637 (1973); *United States v. Fox,* 154 U.S.App.D.C. 1, 4, 473 F.2d 131, 134 (1972); McCormick on Evidence § 191 (2d ed. 1972). If he does, his proof is confined to evidence of his reputation in the community for those traits. *Michelson v. United States, supra,* 335 U.S. at 477–78, 69 S.Ct. 213. His presentation, in terms of number of such traits, may be as narrow or as broad as he chooses so long as it remains germane to issues on trial. *United States v. Fox, supra* at 4–5, 473 F.2d at 134–35.

 When, however, a character witness is offered, he becomes subject to cross-examination as to his testimonial qualifications. The probe on cross-examination may extend to those matters which legitimately affect the witness' knowledge of the accused's community reputation for the character trait to which he has attested. This includes prior convictions of the accused bearing on the trait entered into evidence. *United States v. Lewis, supra* at 49, 482 F.2d 632, 638; McCormick on Evidence, *supra.* Questions of this sort are permitted as a test of the credibility of the witness, for the good-reputation testimony may be doubted if the witness has heard the report, and the witness' acquaintance with the accused's community reputation may be disbelieved if he has not heard. *United States v. Lewis, supra.* The inquiry is indulged solely for that purpose, and the jury must be instructed to limit consideration of the interrogation to an assessment of the worth of the witness' testimony. *Michelson v. United States, supra* 335 U.S. at 472–73, 69 S.Ct. 213.

 In the case at bar, the prosecutor asked the character witness if he had heard that appellant had been convicted of the crime of false pretenses. This was proper cross-examination. It bears a substantial degree of relevance to the character trait of "keeping the peace and good order". Had appellant limited his direct examination to "peacefulness and non-combativeness", as he did with his other two character witnesses, the question would have been improper. This was not the case, however. As the trial court correctly stated to appellant's counsel:

> We sometimes tend, as lawyers, to use the phrase, "peace and good order", to refer to what you mean by peacefulness in dealing with others. But, that is not what you asked the witness, and if it could convey to the jury an impression that this man has a reputation for good order, that is, of no law violations, then the Government would be entitled to impeach that impression that might be given to the jury.

The court carefully considered *United States v. Lewis, supra,* and concluded that the Court of Appeals' holding would allow such cross-examination. In the *Lewis* case, the court held that a conviction for unauthorized use of a motor vehicle was clearly admissible to test the character witness' knowledge of the appellant's reputation for "good order". The trial court correctly interpreted this as authority indicating that a conviction for false pretenses would likewise reflect on the good order of the accused.

We therefore conclude that the trial court properly allowed the question on cross-examination regarding appellant's prior conviction for false pretenses. Since the court charged the jury that the question had been permitted solely to test the witness' knowledge of appellant's reputation and not for any other purpose and that it was not to consider the testimony with respect to the issue of appellant's guilt of the offense charged, there was no error.

## II

Appellant's remaining contention is that the trial court's instructions on intent so confused the jury as to prevent a fair deliberation of appellant's innocence. During its final instructions, the court stated that with respect to the assault with a dangerous weapon count only a general intent was necessary. With respect to the possession of a dangerous weapon count, the court instructed that in order to convict, it must find that appellant possessed the weapon with the specific intent to use it unlawfully against others. On the second day of deliberations one juror requested further instructions on intent. The court then instructed that no specific, but only general intent need be found for either count. Upon its attention being called to its error by the prosecutor, the court immediately corrected itself and stated that a specific intent was necessary for the second count.

We cannot say that this temporary misstatement by the court was prejudicial. Though there may well have been some initial confusion when the court first reinstructed on the intent required for the possession of a prohibited weapon count, the court corrected its erroneous reinstruction immediately and gave the proper instruction. To be certain that the jury understood, the court asked whether his reinstruction cleared up its understanding of his instruction on the law and, upon being told that it did, sent them back to deliberate. Moreover, we note that the jury convicted appellant of the greater offense of assault with a dangerous weapon, the general intent crime, and reached no verdict, as it was instructed, on the lesser included offense of the specific intent possession of a dangerous weapon charge. Thus any lingering confusion which might have existed over the second count was not reflected in the jury's verdict.

Accordingly, the judgment below is

*Affirmed.*